# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| APRIL GRUNDFOR,<br><br>        Plaintiff,<br><br>   v.<br><br>JANET BOUFFARD, *et al.*,<br><br>        Defendants. | CV 16-04163 TJH (AGRx)<br><br># Order<br># and<br># Judgment<br><br>JS-6 |

      The Court has considered Defendants' motion for judgment as a matter of law under Fed. R. Civ. P. 50(a), together with the moving and opposing papers, and the parties' oral arguments.

      Judgment as a matter of law is appropriate when the evidence presented at trial – viewed in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor – permits only one reasonable conclusion. *See Torres v. City of L.A.*, 548 F.3d 1197, 1205 (9th Cir. 2008).

      Qualified immunity shields government officials from civil liability when an official's conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *See Brittain v. Hansen*, 451 F.3d 982, 987 (9th

Cir. 2006). The law is clearly settled that a public employee is entitled to First Amendment protection if, *inter alia*, the employee speaks as a private citizen – that is, outside the course and scope of employment. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). The law is, also, clearly settled that a public employee is not entitled to First Amendment protection if her speech was made within the course and scope of employment. *Garcetti*, 547 U.S. at 418.

Accordingly, qualified immunity shields Defendants, here, from liability if Plaintiff's speech to Officer Durfee was within the course and scope of her employment. *See Garcetti*, 547 U.S. at 418. Even in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, there was insufficient evidence to support a finding that Plaintiff spoke as a public citizen and not within the course and scope of her government employment. *See Hagen v. City of Eugene*, 736 F.3d 1251, 1257-1260 (9th Cir. 2013). Consequently, Defendants are entitled to qualified immunity as to Plaintiff's speech to Officer Durfee. *See Garcetti*, 547 U.S. at 418.

Moreover, Plaintiff failed to introduce sufficient evidence to establish an element of her claim of First Amendment retaliation – that she spoke as a private citizen – further entitling Defendants to a judgment as a matter of law. *See Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009).

The Court previously determined that Defendants were entitled to qualified immunity for their decision to consider Plaintiff's File Notes to support, in whole or in part, their decision to terminate Plaintiff. Thus, Plaintiff lacks a viable basis to support her First Amendment retaliation claim.

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Defendants' motion for judgment as a matter of law be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡.

It is further **Ordered, Adjudged and Decreed** that Judgment be, and hereby is, **Entered** in favor of Defendants Janet Bouffard, Carrie Friend, and Stephen Sisk-Provencio and against Plaintiff April Grundfor as to Plaintiff's First Amendment retaliation claim.

It is further **Ordered** that Plaintiff shall take nothing.

Date: March 7, 2018

_____
**Terry J. Hatter, Jr.**
**Senior United States District Judge**